DEBORAH RAYMOND v. MICHAEL CULLEN The court had a question as to standing on this case. And specifically with regard to the case of Turner, as it relates to Turner v. Cook. Is that correct? Well, the problem is that he filed bankruptcy. Yes. There was a trustee in bankruptcy. Yes. At the time he filed bankruptcy, this claim was pending. Yes. And then it was dismissed after the trustee in bankruptcy had taken over. Yes. And then the trustee in bankruptcy abandoned. That was after the notice of appeal was filed? Yes. So you want to address the issues of cure and ratification? Ratification. And who is the proper plaintiff or appellant? Yes. At this point in time, the proper appellant is my client, because he now – I guess the question, though, really, is how do you distinguish this from the Turner case? It's distinguishable from the Turner case, because if you take a look at the citing on page – Turner is 362 F. 3rd, 1219, pinpoint site 1226. In paragraph – I believe it's noted at paragraph 4. It talks about the fact that there was never any abandonment in the Turner case. In the particular case that we have in front of us today, the trustee abandoned the causes of action shortly after the case was dismissed and shortly after the appeal was entered. And I think that's completely distinguishable. In the Turner case, the trustee never abandoned the property. In fact, in that paragraph, it states that it is insufficient to confer authority to Turner's counsel to prosecute this appeal because it fails to effectuate an actual abandonment of the trustee's interest in Turner's causes of action. And it says, to the contrary, the letter contemplates the estate's pursuit of the causes of action in the event that the appeal is – they prevail at appeal. And it states further in that section that the rules require that there's a hearing and abandonment and that process was never gone through. So the court in that case said that there was no standing. The court also cites to the Dunmore v. United States case, which is at 358 F. 3rd, 1107, in which case the appellant filed an appeal. There was a bankruptcy pending. The appellant then – actually, they didn't even list their causes of action in their bankruptcy. It was later brought forward and brought forward that they had no standing. The trustee ratified or stated that they could bring their case. And in that particular case, with that ratification, the court said that they then had standing. And that was the Dunmore case. And I think – You don't have ratification here. And at the moment the appeal was taken, there wasn't any authority to do it. Whatever factual difference you can find with Turner, that's the fact. There was no standing at that moment. There was no standing at the moment of the appeal, Your Honor? No. Yes, because at the moment of the appeal, within the timeframe of the appeal, there would be no time to effectuate abandonment with the hearing requirements of the 30 days. It was immediately done. And I think if you look at the ratification cases, which would be a case similar to this, would be – There's no ratification here, is there? I believe there is by the fact that the trustee abandoned the – Do you claim it's ratifying the appeal? You're claiming it's functionally the same? I am claiming it's functionally the same. And I believe it is, especially when the court – and this case is Motto v. Resource Shipping and Enterprise, which is at 499 F. Supp. 1365, in which the – That's a district court case? It's a district court case, Your Honor. But it goes through ratification and it refers to Rule 17 of the Federal Rules of Civil Procedure, in which the rule talks about giving an opportunity for – Well, he didn't go back into the district court and ask – before noticing his appeal and ask the district court to just hold matters in abeyance or stay matters while he went to the bankruptcy court to get an – to obtain an abandonment. I suppose that could have been done, but there was no case in the district court at that time because the court had dismissed the case. Well, he knew that he filed bankruptcy, though. And that's – He knew that there was a trustee in bankruptcy. That's true. And that's why an immediate notice of stay was filed with the district court to indicate that there was a bankruptcy filed. It's interesting to note that the district court, rather than even waiting until the date of the hearing, immediately, three days later, filed – in fact, one day later, filed its ruling to dismiss the case. Was judgment entered that same day? I'm sorry? Was judgment entered that same day? I don't believe so, no. But the dismissal was entered right away. In fact, I'm not even sure what day the judgment was actually entered. But as far as the ratification, at the time that my client filed the notice of appeal, which was within the 30 days to preserve the timeframe, at the end of the timeframe that the trustee filed their notice of abandonment, he did have standing at that moment, and his notice of appeal was on file. So I believe that he cured any standing issue at that point. There's two issues. There's either ratification or curing. And I believe under these circumstances, either one would apply. Well, you want us to treat abandonment as the equivalent of ratification. Or cure, yes. Or that the standing issue was cured at that moment. As of today, my client has standing, or the appellant has standing, to pursue an appeal, based on the fact that the trustee has abandoned the asset. And I think that as far as the issue with regard to Turner versus Cook, the case is completely distinguishable based on the fact that the trustee, within a reasonable period of time, within less than, I believe it was within two months, which is the timeframe for the period of giving out notice, allowing anybody who wants to object to the abandonment to do so, immediately thereafter abandoned the asset. Turning to the issue of whether the stay should have stayed the district court's hand, it's your position that the district court didn't have the authority to enter the order? Yes, Your Honor. But this is a case which was brought by the debtor for his advantage, not a suit against the debtor which would have caused harm to the bankrupt estate. Yes. I understand that, Your Honor. And I think that the only issue that I can raise that hasn't been briefed already is the fact that the property, which is a direct issue with regard to the rescission, whether that lien is actually a valid lien has a direct effect on the bankruptcy estate. And I believe that that's the distinction here, is that there's a direct effect upon the bankruptcy estate with the issue of the validity of the lien. Because once that loan was rescinded, that lien should have been removed. And when the asset was brought into the bankruptcy estate, the issue of lien is a direct, it's actually a core proceeding under 28 U.S.C. 157B. It pulls the validity of liens under a core proceeding in bankruptcy. And so I'm not sure if there's any other questions with regard to standing. If the issues of ratification and cure are quite complicated. Hadn't he sold the property at some point, though? No, Your Honor. He hadn't. The property was in a, there was a contract for sale with a contingency. Unlike the case cited by the Pele, in which the, there was no contingency. It was an irrevocable, and I think that's pointed out, an irrevocable sale in that particular case. In this particular case, it was contingent upon the bank doing what they were required to do, which is remove their security and provide us with a tender amount, which they never, they did not do so. They violated TILA, but not abiding by that rescission. In the other case, I believe it was the Yamamoto case, they did not, they had an irrevocable sale, and the court said, the Ninth Circuit said that if you've done an irrevocable sale, you've released your rights under TILA. In this particular case, there was a contingent sale, and I think on a demur, that's not even an issue. Those, the pleadings don't state that it was an irrevocable sale, and it was not an irrevocable sale. At the time of the bankruptcy proceeding, had the bank already foreclosed on the property? No. The bank has not foreclosed on the property as of yet. It's still pending. As to, I guess I want to reserve some time. Oh, as to the issue of the current ratification, if the court would like, because it is a complex issue, if the court would like, or is inclined to look towards that, I would like an opportunity to brief that issue more thoroughly. Thank you. May it please the Court. I'm George Weickart, representing Bank One. Yes, good morning. I think everyone agrees that at the moment the appeal was filed, the only party withstanding was the trustee in bankruptcy. The only party withstanding to file an appeal. And the issue here is, as counsel has framed it, one of ratification. The issue is, does the later abandonment somehow relate back to the original date that the appeal was filed? And there is a, that issue is dealt with in the Dunmore case, which is cited in Turner v. Cook. And the test is that the abandonment relates back and makes the appeal valid only if the appeal was filed in the debtor's name due to an understandable mistake, and not for a strategic reason. Now, the cases that deal with this are, in the bankruptcy context, are the same as the cases, the non-bankruptcy cases under Rule 17. There's no automatic relation back under Rule 17. All the cases use the understandable mistake test, or the excusable mistake. Judge Wallace, in the Spangler case, 537 F. 2nd. 1031, said that when there is no difficulty in determining the right party to bring an action, and when there has been no excusable mistake made in selecting the party, there is no relation back. So here, it was, of course, clear what party had standing at the time. It couldn't have been an excusable mistake. Now, what are understandable or excusable mistakes? The examples that are given is naming the wrong party because it is difficult to establish who the real party in interest is. What is a strategic decision, which is the other side of the coin? The examples given in the cases are that the lawsuit or the appeal is filed in the name of the wrong party in order to keep the statute of limitations from running. Well, the evidence in the record here, I think, conclusively indicates that there's no way that this could have been an excusable mistake. But you didn't bring it up to us, did you? You didn't? I didn't brief it. I admit that, Your Honor. The Mr. Cullen's bankruptcy counsel was the same counsel as here, and I think the Court has to presume that competent bankruptcy counsel knew who the real party in interest was at the time. Bankruptcy counsel, the same counsel representing him in the Teela case? Yes. It's been the same counsel all the way through this case and in the bankruptcy. And there was a very obvious strategic reason, on the other hand, for filing this appeal in his name, because he would have lost his appeal if he hadn't moved forward. And now, it obviously would have been difficult to get the trustee to file a notice of appeal. And in fact, the trustee turned out to be not interested in the case. But filing the appeal in the debtor's name is also a very risky thing to do, because it's potentially a bankruptcy crime under 18 U.S.C. 152, because if the debtor is taking control of an asset of the estate, the debtor can't take back property from the estate. So there were some very simple things for Cullen to do after he filed his bankruptcy in order to allow him to file an appeal. He could have gotten the trustee to agree to file the appeal, or he could have gotten the trustee to agree that he could file the appeal pending due diligence by the trustee. He also could have, immediately upon filing his petition in bankruptcy, moved in the bankruptcy court to compel the trustee to abandon the asset. But in other words, there were some easy alternatives available. But he gave notice to the district court that a bankruptcy petition was pending. He did note to the district court, but that doesn't – So why didn't the automatic stay kick in here? The automatic stay doesn't kick in because the automatic stay operates only to stay claims against the debtor, not lawsuits that the debtor is bringing against third parties. The third party has a right to defend itself even after the stay has been granted. And I think that's clear in the cases that I've cited in the briefs, Your Honor. I think this point is really – was really abandoned in the briefing, too, because I briefed it extensively in my brief, and there was no reply to any of my points and authorities in the reply brief. So that's what I wanted to say about standing. I don't know whether the Court wants to hear argument on the merits of the appeal. I do have a few things I'd like to say about that, if I may proceed. Go ahead. I think the paramount fact in this case is that Bank One is an innocent assignee. It was not responsible for the alleged violation, and it could not detect it from the face of the disclosure documents. So what Congress did was to say, well, we're not – Can you elaborate why they couldn't discover that from the documents? Because what you would have to do in this particular case, you would have to go to the Wall Street Journal, and for 45 days in the Wall Street Journal in a particular period, you'd have to find the index interest rate, which was the London Interbank Rate. It's published in the Wall Street Journal. And then for each of those 45 days, once you had ascertained the interest rate from the Wall Street Journal, you'd have to do all the calculations. So this is clearly a case where the index rate is only available through extraneous sources, and there's no – so there's no way you could determine that there was any error from looking at the disclosure document or doing calculations based on the numbers in the disclosure document. Okay. Well, what Congress did here was to establish something like a holder in due course or a bona fide purchaser rule. You know, the whole basis of those rules is that if you're not aware of a defect or if you're not aware of a claim, you take free of it when you purchase the asset. So I think what the court has to do here in interpreting the statute, I don't want to give the idea that it's a choice between subdivision C and subdivision E of the statute. It's really – what the court should really do here is to attempt to reconcile the statute. That's the first rule of statutory construction, and it differently stated, the court should strive to give independent meaning to each part of the statute. And there's an obvious way to reconcile subdivisions C and E here. C was added in 1980 only to clarify that the debtor had a rescission claim against an assignee because that was not clear in previous law. Then subdivision E was added in 1995 to clarify that a claim may be asserted against the assignee only for – even a rescission claim only for violations apparent on the face of the disclosure documents. Now, under this interpretation, each section has independent meaning. Our interpretation of the statute will allow subdivision C to continue to operate. The debtor will have a right to rescind where the violation is apparent on the face. And there are a lot of examples of that where the – where there's no title disclosure document in the file, where you look at the disclosure boxes and they're incomplete, or you look at the disclosure boxes and there's an obvious error in calculation. The total payments don't add up. Another one is where the – where the notice of right to rescind is missing from the file. So, in other words, in the most egregious cases, the debtor will still have a right to rescission for things that are apparent in the face of the disclosure document. Now, another rule of statutory interpretation is that if you don't believe that these are readily reconcilable, another rule of statutory interpretation is that where there's a later amendment, that prevails over the earlier provision. Now, you know, we've cited two district court cases and one bankruptcy court case that agree with us, and I don't think the appellant has to cite any authority which agrees with them. And, you know, there are also four circuits, the 11th and Ellis, the 7th and Balderas and Taylor, the 5th and Green and the 3rd and Ramadan, that have stated very categorically that the SME has no duty to look beyond the disclosure documents. It has no duty to do due diligence beyond the disclosure documents. And if the court were to agree with the appellant here, that would really create an inconsistency with that very broad principle that the other circuits have stated. It's not clear in those cases, incidentally, whether it's a, you know, a damage claim or a rescission claim. It's not clear, but it's they are very broad in the statement of the principle that there are there's no duty to look beyond the disclosure documents. I also want to just touch very briefly on the public policy issues here, which I think are very important. Pardon, Your Honor, time is just about up. Well, I won't go into the public policy issues. I agree. With regard to the issue of standing, Your Honors, I think that this case falls squarely within the Dunmore case because the issue of whether this was an understandable mistake, opposing counsel didn't even see the issue of standing here. It was brought to my attention three days ago. I believe that if anything, if there is no ratification or there is no cure of standing, the Dunmore case falls squarely on top of it as an innocent or an understandable mistake on the part of a counselor not knowing who to name. I have no control over the trustee in forcing them to do to file an appeal. And I think that the fact that the trustee. Yes, I did, Your Honor. I'm looking at your notice of appeal. It's an extra 103. Do you have it there? I'm sorry. I'm looking at your notice of appeal, which is ER 103. Do you have it? Yes, Your Honor. I see at the top it says filed February 20th. Yes. And then I look down. It's from a final judgment entered on February 24th. Yes. Is that possible? Can you appeal before the judgment's entered? Yes, Your Honor. You can. How is that done? Maybe Judge Fires knows. I believe it's under the. File it. What? File it. It refers back. How can you file it when the judgment. There are lots of cases. Well, I'm just trying to be premature. It's premature. There's actually a Federal rule of procedure, appellate rule of procedure that states that if a notice of appeal is filed prior to the entry of the judgment, it relates back. Because you know it's coming. That's the theory. You know it's going to be against you. Yes. I know that there's going to be a judgment entered, and there is a rule that relates back. I just wanted to clarify that. Thank you. Yeah. I believe. You were aware at that time, though, that there was a trustee in bankruptcy. I was aware. And that his cause of action was an asset of the estate. And that's why I requested immediately that he provide us with an abandonment. And I filed the notice of appeal to preserve the right of the appeal. Because the notice of appeal doesn't say who has to file. If you look at the rules of notice of appeal, it says a notice of appeal must be filed within 30 days. It does not say who must file that notice of appeal. You could have gone to the district court and asked the district court to extend the period in which you have to appeal. Or you could have asked the district court to withhold everything in abeyance, pending resolution of the status of the bankruptcy and trustee. Number one. Whether the claim is going to be abandoned or whether the trustee was going to pursue the appeal. That is true. With hindsight, I possibly could have done that under the circumstances in which I didn't believe that the court. You're actually asking us to apply 17B after. 17A. 17A, after the notice of appeal has been filed. Yeah. When the jurisdiction has transferred to this court. Which was done in Dunmore. Let me ask just briefly on the merits. Yes. Was the flaw apparent on the face of the documents? Your Honor, I believe that the ‑‑ if the rule is read that an interest rate can be taken out of the face of the document and placed someplace else, that the banks can be pretty much shielded completely from ever having to come under the remedies of truth in lending. Because all they have to do is take the interest rate outside, which they did in this particular case where there was a $27,000 under disclosure on the interest rate in this case. They just took the interest rate outside the four corners of the document by stating it was in an index. And they're claiming that they completely annul all remedies, all remedies available under TILA, which I don't believe is the case. They cite to a case Fairbanks Capital case, which they claim sets forth the provision that Section C does not apply unless there is a violation on the face of the document. If you read that case very carefully, that is not true. That case cites the opposite of what they've stated, and it states that Section C, as to rescission, does not require that the violation be on the face of the document. It only requires, because it is a section that's an exception to E and A. And if you look at Section A, it uses the same language that was later put into E. And the cases prior to the 1995 amendments all state that rescission is accepted from the requirement of having the violation on the face of the document. It is damages that requires that the violation be on the face of the document. And they've done this for the purpose of giving a consumer a remedy, which is to put back everybody into the status quo of rescission. And there is an ability by the lender, an assignee lender, to protect themselves by having in their assignment an ability to go back to that original lender to get indemnification. So I think that that's not what Congress intended, to eviscerate all remedies under the rescission for all consumers, because as you know, the secondary market, there's a large trafficking of mortgage loans on the secondary market. All the lender would have to do would be to have the interest rate outside the document, send it to the secondary market, and they've alleviated all truth in lending liability completely, including rescission. I don't believe that's what Congress intended. Thank you, Your Honor. Thank you. The matter will be submitted. Thank you, Your Honor. Thank you, Your Honor.
judges: B.fletcher, Noonan, Paez